**SCOTT A. MAYER, ATTORNEY AT LAW**

5599 S. Hanover Way • Greenwood Village, CO 80111-3730 •
Tel: (847) 915-1929 E-Mail: scottm2525@yahoo.com

October 4, 2021

Helbis Varangot, EEOC Investigator
Equal Employment Opportunity Commission
303 E. 17th Street, Suite 410
Denver, CO 80203

**Re: Charging Party, Yaritza Diaz v. Respondent, El Paso County Department of Human Services**
**Charge No. 541-2021-02199**

**CHARGING PARTY'S AMENDED RESPONSE TO RESPONDENT'S POSITION STATEMENT AND EXHIBITS**

Charging Party, Yaritza Diaz, submits the following amended response to Respondent's Position and Exhibits. For the following reasons, based on this response and Charging Party's prior submissions to the EEOC, the EEOC should find, based on a preponderance of the evidence, it is more likely than not that a violation of Title VII, including but not limited to, denial of reasonable accommodation and retaliation under the Americans with Disabilities Act ("ADA"),Title VII, and the Pregnancy Discrimination Act ("PDA") has occurred.

## I. THE FOLLOWING ARE DISCREPANCIES IN RESPONDENT'S INFORMATION PROVING PRETEXT AND DISCRIMINATION (AMENDED).

### A. Discrepancies In Respondent's Position Statement

Charging Party incorporates by reference her July 8, 2021 EEOC Charge, narrative submission, rebuttal exhibits, and additional exhibits.

PLAINTIFF'S EXHIBIT 6



EEOC CHARGE # 541-2021-02199

1. **Discrepancy:** “Indeed, EPC-DHS’s legitimate, non-discriminatory and non-retaliatory reasons were substantiated by the fraud unit’s investigation.” (Position Statement, pp. 2-3) **FALSE.** This statement is false. Respondent correctly contended in its Position Statement that Charging Party is alleging retaliation (as well as denial of reasonable accommodation) in the EEOC Charge and supporting exhibits. Specifically, the EEOC Charge incorporated by reference (see EEOC Charge, Par. 8 (“see attached”), on August 5, 2020, Charging Party’s pregnancy physician’s, Dr. David Stark, letter to Respondent asking to reasonably accommodate Charging Party by allowing her to continue to work at home (like she had been doing intermittently during the COVID-19 pandemic, without dispute) to protect Charging Party’s and her unborn baby’s health and safety: **“Yaritza Diaz is under my care for her pregnancy. Please allow her to continue to work from home through her pregnancy. We support her concern for the safety of her health and her unborn child.”** (Emphasis added) (EEOC Charge, Additional Exhibits, p.8)

Significantly, Charging Party put Respondent on notice of this reasonable accommodation request prior to Respondent placing her on administrative leave on August 6, 2020, and prior to the September 14, 2020 Notice of Intent to Terminate Charging Party, since Charging Party stated her belief Respondent retaliated against her by placing her on administrative leave and intending to terminate her employment**:** **“I turned this letter (Dr. Stark’s letter) in to Human Resources a few hours before being put on administrative leave. This is leading me to also believe they don’t want to deal with a pregnant employee & taking the opportunity to terminate me.”** (Emphasis added) (EEOC Charge, Additional Exhibits, pp. 7 – 10)

Charging Party also put Respondent on notice Charging Party was alleging Respondent's adverse actions of administrative leave and intending to terminate her employment in her September 16, 2020 Appeal of Respondent's intent to terminate Charging Party's employment: "Par. 8. DHS's reasons for its intent to terminate my employment violate Title VII, Civil Rights Act of 1964's, prohibition of discrimination based on sex, female, sex, pregnancy, national origin, Hispanic/Latino, **retaliation** and harassment." (Emphasis added) (EEOC Charge, Additional Exhibits, pp. 11 – 12)

Finally, Charging Party stated in her September 15, 2021 Response to Respondent's Position Statement and Exhibits that she exercised the Vulnerable Employee Program, the right provided by Respondent to request work-at-home as a reasonable accommodation during her pregnancy as follows: "Seventh, on August 5, 2020, the day after Charging Party had an email exchange with Aona, was approved for benefits by Aona, and was referred to the fraud unit by Aona, and **the day before EPC-DHS placed her on administrative leave,** Charging Party turned in a letter from her Dr. Stark to EPC-DHS Human Resources, **pursuant to the Vulnerable Employee Program**, asking them to "allow her to continue to work from home through her pregnancy. We support her concern for her health and her unborn child." (Emphasis added) On this letter, Charging Party stated her belief that she was being terminated because of her pregnancy: "I turned this letter in to Human Resources a few hours before being put on administrative leave. This is leading me to also believe they don't want to deal with a pregnant employee & taking the opportunity to terminate me. None of the issues cited by policy pertain to the application submitted on peak. It [sic] appears they're targeting my work ethics." (July 8, 2021 Charging Party Additional Exhibit, p. 7)

Based on the foregoing, Charging Party did provide the EEOC, in a separate document attached to and incorporated by reference to her EEOC Charge, accompanying details of alleged [retaliation and denial of reasonable accommodation under Title VII and ADA] that would put the EEOC on notice, including specific incidents and dates, to investigate ADA and Title VII retaliation and denial of reasonable accommodation because under the ADA, "asking for an accommodation is clearly protected activity." See Foster v. Mountain Coal Co., LLC, 830 F3d 1178, 1187 (10th Cir. 2016) See also, Rios v. Leprino Foods Co., 2020 U.S. Dist. LEXIS, 49483 at *5-7, 13 (D. Co. March 23, 2020) (unchanged by subsequent history; see Rios v. Leprino Foods Co, 2021 U.S. Dist. LEXIS 170803 (D. Colo. Sept. 9, 2021) (summary judgment denied on pregnancy claim for failing to accommodate Rios during her pregnancy) Failing to check the retaliation or disability boxes is not fatal under 10th Circuit precedent since the EEOC Charge and its Additional Exhibits cited above, clearly not only rebutted the presumption that Charging Party is not alleging claims represented by boxes not checked but also contained facts concerning the discriminatory and retaliatory actions underlying these claims as clearly alleged in Charging Party's EEOC Charge and Additional Exhibits. Finally, in Battino v. Redi-Carpet Sales of Utah, LLC, 2021 U.S. App. LEXIS, 27403 at *7 (10th Cir. Sept. 13, 2021), the Court held: ". . . [C]onditions that are the '*physiological* result of being pregnant [or] bearing a child' are protected under Title VII as medical conditions related to pregnancy or childbirth. Battino [unlike Charging Party] has not asserted . . . a work-from-home arrangement due to such condition." (Emphasis added in original; cited for persuasive value only per the decision footnote) Charging Party's EEOC Charge, Additional Exhibits, p. 8, her doctor's letter,

clearly put Respondent on notice of such qualifying physiological results of being pregnant, namely, “her concern for the safety of her health and her unborn child.”

In addition, unlike Battino, Charging Party “has pointed to any other indicators of pretext, such as shifting explanations for the termination or procedural irregularities in the termination process [see Charging Party’s Appeal]”. Rios, id., *10. Further, the 10th Circuit held under the ADA Charging Party can also allege retaliation, (which Battino did not do but which Charging Party did in the EEOC Charge, Additional Exhibits above), because “she ‘engaged in protected [activity] by becoming pregnant, informing Redi Carpet [EPC-DHS] of her pregnancy, and . . . asking for an accommodation[,] namely, time off in order to have the baby [work at home for Charging Party].’” Rios, id., *11.

Therefore, as shown above, and in Charging Party’s Response to Respondent’s Position Statement, the reasons for Respondent placing Charging Party on administrative leave and intending to terminate her and constructively discharging her included not only the pretextual false allegations of underreporting her husband’s income on her 2020 Medicaid application but also because she requested reasonable accommodation to work at home pursuant to Respondent’s own policies, and was retaliated against for making this request by the adverse actions of administrative leave and constructive discharge. The EEOC is clearly on notice from the EEOC Charge and its incorporated Exhibits to investigate all the claims under the ADA, Title VII and PDA, including but not limited to retaliation and denial of reasonable accommodation.

## CONCLUSION

For the foregoing reasons, Charging Party’s September 15, 2021 Response to Respondent’s Position Statement, and all the reasons put forth in the July 8, 2021

submission and exhibits, the EEOC should find that it is more likely than not Respondent discriminated against Charging Party based on her sex, pregnancy, sex, female, and national origin, Hispanic/Latina as well as retaliation and failure to reasonably accommodate.

Respectfully submitted,

Scott A. Mayer

Scott A. Mayer, Esquire
Charging Party's Attorney
5599 S. Hanover Way
Greenwood Village, CO 80111-3730
847-915-1929
scottm2525@yahoo.com