**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02230-DDD-MDB

YARITZA DIAZ,

Plaintiff,

v.

EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES, and SHAWN M. NIELSEN, individually,

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT SHAWN M. NIELSEN'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Yaritza Diaz ("Diaz"), by and through her attorney, Scott A. Mayer, Attorney at Law, files this response to the Fed. R. Civ. P. 12(b)(6) Partial Motion to Dismiss ("Motion") Claim VIII – 42 U.S.C. §1983 and Fourth and Fourteenth Amendments, Malicious Prosecution, of the First Amended Complaint ("FAC") or ("Amended Complaint"), filed by Defendant Shawn M. Nielsen, individually ("Defendant") or ("Nielsen"). For the following reasons, Defendant's Partial Motion to Dismiss should be denied. (Plaintiff withdraws her Fourteenth Amendment claim.)

## I. LEGAL STANDARD FOR REVIEW OF A 12(b)(6) MOTION

In *Nolan v. Haley*, 2023 WL 143023, at *6 (D. Colo. January 10, 2023) (adopted in part and rejected in part, on other grounds, in *Nolan v. Haley*, 2023 WL 2401065 (D. Colo. March 8, 2023) this Court, *id*. at **8-10, set forth the well settled law in the 10th Circuit controlling the standards for judging Defendant's Rule 12(b)(6) Partial Motion to Dismiss holding: "'The court's function on a Rule 12(b)(6) motion is only to assess whether the plaintiff's complaint alone is

legally sufficient to state a claim for which relief may be granted. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2023) (quotation marks omitted)'". 'A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d. 1106, 1109 (10th Cir. 1991)'. 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* . . . In evaluating a Rule 12(b)(6) motion to dismiss, the Court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). . . .'Pleadings' for purposes of a Rule 12(b)(6) motion to dismiss, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Gee v. Pacheo*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)". In the instant case, based on the foregoing 10th Circuit law, all the documents attached to the First Amended Complaint are "pleadings" for purpose of this Motion to Dismiss. *Id.* at *10.

## II. THE FAC ESTABLISHES PLAINTIFF SATISFIED ALL FIVE ELEMENTS FOR COUNT VIII, § 1983 FOURTH AMENDMENT MALICIOUS PROSECUTION

Defendant Nielsen only moves to dismiss Diaz's Count VIII for relief on grounds it fails to state a claim for malicious prosecution in violation of the Fourth Amendment. In *Stewart v. City of Boulder*, 2020 U.S. Dist. LEXIS 160058, 2020 WL 6119530 at *18 (D. Colo., Mar. 5, 2020)

(report and recommendation adopted in *Stewart v. Boulder*, U.S. LEXIS 158724, 2020 WL 5201289 (D. Colo., September 1, 2020), the Court held: "To state a claim for malicious prosecution under §1983, a plaintiff must allege that: '(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.' *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017) (citing *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008))" The only elements in dispute in Nielsen's motion are elements 1, 3 and 4. (See also, regarding elements 2 and 5, *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023) reversing prior 10th Circuit precedent holding: "The [Supreme] Court found that a criminal prosecution terminates favorably, for the purpose of a §1983 malicious prosecution claim, when the prosecution ends without a conviction. *Thompson v. Clark*, 142 S. Ct. 1332, 1335, 212 L. Ed. 2d 382 (2022)" and First Amended Complaint alleging Diaz suffered damages. (FAC, ¶ 108)) For the following reasons, the FAC establishes all five (5) of these elements, and, the Motion should be denied.

**A. <u>Nielsen Caused Diaz's Continued Confinement Or Prosecution.</u>**

**1. <u>The Non-Custodial Travel Restrictions Imposed On Diaz Amounted To A Seizure.</u>**

Since element one (1) is in the alternative, this element can be satisfied by establishing either one of them. Contrary to the Motion, p. 6, the leading 10th Circuit case on restrictions on travel seizure under the Fourth Amendment, *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2017), opened the door to a case by case evaluation of each case's facts to determine if the Plaintiff's restrictions on travel constitute a seizure for purposes of a §1983 Fourth Amendment malicious prosecution claim. In the instant case, Diaz's restrictions on travel "outside of the State of Colorado and the

United States to Panama" (FAC, ¶ 100, Exhibit 12, p. 14) constituted such a seizure, and, therefore, the Defendant's Partial Motion to Dismiss must be denied.

The Motion, p. 6, ignores the key passage from *Becker*, *id*. at 916, relying on several Circuit decisions to hold seizure is satisfied, not just by arrest or incarceration as alleged in the Motion, p. 6, but also if a criminal defendant "is subjected to another significant restraint on liberty, such as restrictions on travel in addition to the criminal charge, facts not present in *Becker, id*., at 916, as follows: "Even those courts that subscribe to the line of reasoning endorsed by Justice Ginsberg have recognized a seizure only when criminal charges are coupled with another significant restraint of liberty, such as restrictions on travel. See *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999) ('A summons, coupled with additional liberty restrictions [in this case a bond and travel restrictions] may constitute a seizure under the Fourth Amendment.') *Gallo v. City of Philadelphia*, 161 F.3d 217, 222-25 (3d Cir. 1998) (holding plaintiff seized when subjected to travel restrictions and required to contact pretrial services weekly); *Murphy v. Lynn*, 118 F.3d 938, 945 (2nd Cir. 1997) (holding plaintiff seized when ordered not to leave state and required to attend court)."

In *Stewart, id*., at **19 - 20, the Court held: "Still this District has held that

> *Becker* rejects the notion that 'typical pre-release conditions' imposed on a criminal defendant who is granted pre-trial release-'requiring a person to post bond, compelling a person to appear in court'-are not sufficient to constitute a Fourth Amendment 'seizure' that would support a malicious prosecution claim of constitutional dimension. At a minimum, a criminal defendant released on bond pending trial will suffer a 'seizure' for Fourth Amendment purposes if, in addition to typical pre-trial release restrictions, he is subjected to 'another significant restraint on liberty, such as restrictions on travel.'

*Martinez v. City and Cty. of Denver*, No. 11-cv-00102-MSK-KLM, 2013 WL 5366980, at *10 - 11 (D. Colo. Sept. 25, 2013) (quoting *Becker*, 494 F.3d at 915-16). And *Becker* 'acknowledges that restrictions on a criminal defendant's ability to leave the state might constitute a type of 'seizure' that could support a malicious prosecution claim under the Fourth Amendment.' *Id.*

(citing *Becker*, 494 F.3d at 916 (citing *Murphy v. Lynn*, 118 F.3d 938, 945 (2d Cir. 1997) for proposition that 'plaintiff seized when ordered not to leave the state and required to attend court.')"

In *Stewart, id*., at **20 - 21, n. 4, the Plaintiff alleged "that he was required to provide urine samples, which arguably suggests that Mr. Stewart had to curb his movement in a manner that would permit him to comply with such requirements." The Court held: "In construing the allegations in the light most favorable to Mr. Stewart, I find these restrictions are sufficient to state a cause of action that he was subjected to a 'significant restraint of liberty' as contemplated by the Tenth Circuit in *Becker*. . . . Therefore, this court concludes that Mr. Stewart has adequately pled the first element of his malicious prosecution claim at this juncture [on Defendant's Rule 12(b)(6) Motion To Dismiss]".

In the instant case, Diaz's attorney filed a Motion to Travel "outside the State of Colorado" and stated the following: "1. On May 6, 2022, Defendant was served with a Summons and Fingerprint Order to appear on June 22, 2022 at 10:00 a.m. . . and WHEREFORE, Defendant prays this honorable court to grant her a travel permit to travel outside the United States to Panama". (FAC, Exhibit 12, p. 12) On June 21, 2022, El Paso County Magistrate Hillary Gurney denied Diaz's motion to grant her to travel "outside the State of Colorado and the United States to Panama". (FAC, Exhibit 12, p. 14) The court's restrictions on travel by Diaz outside of the State of Colorado and the United States clearly amounted to a seizure for purposes of a Fourth Amendment malicious prosecution claim in the 10th Circuit based on *Stewart, id*. at ** 19 – 20, citing *Martinez, id*., "citing *Becker*, 494 F.3d at 916 (citing *Murphy v. Lynn*, 118 F.3d 938, 945 (2d Cir. 1997) for proposition that 'plaintiff seized when ordered not to leave the state'". Further, as in *Stewart, id*., n. 4, Diaz "had to curb [her] movement in a manner that would permit [her] to

comply with such requirements" not to travel outside of Colorado or the United States. For the foregoing reasons, Diaz's restrictions on travel outside of the state of Colorado, as well as the United States, amounted to a seizure for purposes of a Fourth Amendment malicious prosecution claim, and, therefore, Defendant's Motion should be denied on the seizure issue.

**2. <u>Nielsen Caused Diaz's Prosecution.</u>**

The Motion, p. 4, incorrectly states: "Plaintiff does not plausibly allege that Nielsen contributed to District Attorney's charging decision." On the contrary, in the instant case, the District Attorney conditioned Diaz's prosecution on Nielsen causing Diaz's prosecution in the following emails, allegations construed in a light most favorable to Diaz: 1) "On October 19, 2020, [Andy] Vaughn [Senior Deputy District Attorney, Criminal Division, El Paso County Attorney Office] replied to [Lisa] Kirkman [DHS Attorney], copying Nielsen, as follows: 'Thanks Lisa. My office will not be doing anything until (or if) we get an official case submission [from Nielsen].' (Plaintiff's Exhibit 11, p. 2)" (FAC, ¶ 85); and 2) "On December 22, 2020, Vaughn sent an email to Diaz's counsel, copying Kirkman, as follows: "I am not aware of any official filings with this office [from Nielsen]. I am sure Lisa will correct me if I am wrong.' (Plaintiff's Exhibit 11, p. 4)" (FAC, ¶ 86) On August 30, 2021, Nielsen had "filed our criminal case with the DAO." (FAC, ¶ 89, Exhibit 11, p. 9) As Vaughn stated, the District Attorney did not file a criminal complaint against Diaz on May 5, 2022, until after the District Attorney received Nielsen's "official case submission". Therefore, contrary to the Motion, p. 4, but for Nielsen sending the District Attorney "an official case submission", the District Attorney would not have prosecuted Diaz ("we will not be doing anything until (or if) we get an official case submission [from Nielsen]." (FAC, ¶ 85, Exhibit 11, p. 2; ¶¶ 103- 104) Unlike the typical criminal case brought by police officers to the District Attorney for prosecution of a criminal defendant arrested by the police officers who also

bring with them the evidence they obtained to prosecute the criminal defendant, the District Attorney refused to prosecute Diaz unless Nielsen sent her "official case submission" for prosecution of Diaz.

Therefore, since these allegations are taken as true for purposes of this Rule 12(b)(6) Partial Motion to Dismiss, Nielsen caused Diaz's prosecution, and, the Motion should be denied on this issue.

**B. <u>No Probable Cause Supported Nielsen's Case Summary, Diaz's Criminal Summons Or Prosecution For Felony Theft.</u>**

Contrary to the Partial Motion to Dismiss that the First Amended Complaint "fails to identify any specific criminal charge levied against her in the Criminal Case" (Motion, p. 8), the FAC clearly identified the criminal charge caused by Nielsen (¶ 89): "[¶] 99. On May 5, 2022, a felony complaint alleging theft was filed against Diaz by the El Paso County District Attorney's Office in the El Paso County District Court titled *People of the State of Colorado v. Yaritza Carmen Diaz*, Case No. 2022 CR 002356. (Plaintiff's Exhibit 12, pp. 1, 4)" On May 6, 2022, the Criminal Summons was issued and identified the criminal charge: "Theft, in violation of C.R.S. 18-4-401(1),(2)(h)". The criminal case docket also identified the criminal charge: "STATUTE NUMBER 18-4-401 (1), 2 (h); CHARGE DESCRIPTION THEFT-$20,000-$100,000". (FAC, Exhibit 12, pp. 1, 4) Therefore, contrary to Defendant's Motion, this Court will be able to make a determination of no probable cause for this criminal felony theft complaint against Plaintiff.

The Motion's factual allegations stemming from the Case Summary, Exhibit A, are more focused on supporting Diaz's wrongful termination than supporting probable cause Diaz committed a crime. (Motion, pp. 3 – 4, 7) The Motion has no factual basis to support Defendant's speculative conclusion based solely on the Case Summary that probable cause supported the El Paso District Attorney's prosecution of Plaintiff for felony theft. In fact, not only does the Case

Summary not even mention probable cause Diaz committed a crime, so it cannot be considered for this purpose, but also, the Motion fails to establish that the District Attorney even received the Case Summary, Exhibit A, from Nielsen much less relied on Exhibit A to support probable cause for Diaz's prosecution.

The Motion, p. 4, falsely states: "Plaintiff claims that, on August 30, 2022, Nielsen forwarded the IR to the District Attorney's Office to consider filing criminal charges. (Doc. 29-10 ¶¶ 89, 93, 95)" On the contrary, none of the citations to the First Amended Complaint stated Nielsen "forwarded" the IR, but rather, that Nielsen's criminal case filing was "based on" the IR. The First Amended Complaint stated Nielsen sent her criminal case filing to the District Attorney on August 30, 2021, not 2022. (FAC, ¶ 89) The First Amended Complaint did not say "to consider filing criminal charges", but rather, that Nielsen's District Attorney filing directly and solely "caused EPC DHS's and Nielsen's criminal prosecution of Diaz for felony theft". (FAC, ¶¶ 89, 95)

The allegations of the First Amended Complaint and attached documents are presumed true on a Rule 12(b)(6) partial motion to dismiss. Therefore, the First Amended Complaint established for purposes of this Motion, the Criminal Summons and the Felony Complaint alleging theft were not supported by probable cause and Nielsen was not "justified by probable cause in sending the IR to the District Attorney's Office" for which there is no evidence she did so or that the Case Summary, Exhibit A, supported probable cause. (Motion, p. 7; (FAC, ¶ 106: ("Since the alleged probable cause for Diaz's prosecution was the EPC DHS Fraud Prevention and Investigation Report alleging Diaz committed theft was false, no probable cause supported Diaz's prosecution.")

Significantly, Nielsen's criminal case file Nielsen sent to the District Attorney is not before the Court since Nielsen's August 30, 2021 email did not reveal what Nielsen included in her criminal case file to the District Attorney, and the Motion did not provide it. (FAC, ¶ 89) In fact, it is unknown what information Nielsen's criminal file consisted of, since from September, 2020 the date Nielsen's Fraud Unit finished its investigation of Diaz, to August 30, 2021, the date Nielsen sent her criminal case file to the District Attorney, it is unknown whether Nielsen's Fraud Unit changed its investigation findings in that one (1) year time frame. Also, from August 30, 2021, on or about the date the District Attorney received Nielsen's criminal case file, to August 28, 2023, the date the District Attorney's prosecution of Diaz for theft was dismissed with prejudice by the criminal court judge (FAC, Exhibit 12, p.11), it is unknown what further investigation, if any, was undertaken by the District Attorney during the two (2) years it had Nielsen's criminal case file.

Thus, there are no facts before the Court supporting alleged probable cause for theft the District Attorney relied on to prosecute Diaz. At no time during the approximate one (1) year and four (4) months prosecution of Diaz, from May 5, 2022 to August 28, 2023, did the Motion provide any support for the probable cause the District Attorney relied on to prosecute Diaz for theft since the criminal court judge dismissed the District Attorney's prosecution of Diaz with prejudice before any showing was made supporting probable cause for the prosecution. (FAC, Exhibit 12, pp. 4, 11)

The Case Summary, Exhibit A, attached to the Motion, does not support probable cause nor was it intended to do so. The Motion's factual allegations are based on the Case Summary and do not support probable cause Diaz committed a crime, but rather attempt to support the reason Diaz was discriminatorily fired, which this Motion is not about. (Motion, pp. 3 – 4, 7)

Significantly, on August 17, 2023, the District Attorney offered only one (1) substantive document into evidence for Diaz's upcoming trial, "Exhibit A" (FAC, Exhibit 12, p. 10), the same document H cited in the Case Summary, "Health First Colorado Paid Capitations and Claims", rebutted by Plaintiff's Rebuttal (FAC, Exhibit 10, p. 18) as follows: "1. The Determination [signed by Werle, Nielsen's employee], admits that the alleged overpayment was based on 'CLASS: Client [Yaritza Diaz] **Error [on HH Income]**' i.e., mistake and not intentional. (DHS Exhibit 5H, Bates 724; Exhibit 5B, Bates 29 ('Client Name: Yaritza Diaz'); Exhibit 5C, Bates 35) ('the client Yaritza Diaz'))" (Emphasis added) The Determination did not accuse Diaz of theft, or state it supported probable cause for theft, but rather, at most, stated the opposite, that the overpayment was a mere unintentional "error", not a crime. Plaintiff's Rebuttal to the IR and documents relied on by Werle in the Case Summary (FAC, Exhibits 2 – 4, and 10) established Diaz's prosecution was not supported by probable cause, which stands unrebutted by the Motion. The Motion's speculative allegation probable cause supported Diaz's prosecution, is rebutted by the First Amended Complaint's allegation no probable cause supported Diaz's prosecution. (FAC, ¶ 106) If Defendant replies with any other exhibits, it will raise a fact question that only the jury can decide.

The District Attorney's Exhibit A, the Case Summary's document H, establishes Diaz's prosecution was, without dispute, based only on Diaz's first benefits application for her family, not her, Diaz submitted on April 20, 2013 ending on March 31, 2019. Diaz was only accused of theft based on the 2013 application, and not on the 2020 application, admitted by Werle in the Case Summary: "Investigator Werle also verified that no monies had been paid out since the application was submitted on 07/28/2020." (Motion, Exhibit A, p. 3, Section H)

Further, the Case Summary's allegation Diaz underreported her husband's income on her 2013 application, relied on by Nielsen to prosecute Diaz for theft, is false since Diaz could not

have underreported her husband's income if he did not have any. The Motion, pp. 3 – 4, 7, fails to support probable cause for Nielsen's Criminal Case Submission, Diaz's Criminal Summons or Diaz's Criminal Complaint based only on the 2013 application as follows:

1) False allegation that Diaz did not disclose household rental income, and, thus, no probable cause: When Diaz applied for benefits for her husband and children in 2013, her husband's mother and cousin were not alleged to have paid rent for the house Diaz and her husband, Gary Bates ("Bates"), rented in 2013, but rather for the house they resided in 2020. This accusation does not support probable cause for Diaz's prosecution for the time frame from April 30, 2013 to March 31, 2019. (Motion, Exhibit A, p. 1); 2) False allegation Diaz did not disclose her husband's 2019 self-employment earnings, and, thus, no probable cause for Diaz's prosecution for the time frame from April 30, 2013 to March 31, 2019: In Diaz's August 4, 2020 email exchange with DHS Technician Marlyn Aona, Diaz truthfully told Aona: "Well I guess he is still considered self-employed, but has not made any money. Last year [2019] he made $10,000 for the entire year. . . . Last year was the first year I was able to claim Taxes for him the entire time." (FAC, Exhibit 4, pp. 2 – 3) According to their 2019 tax return, "Profit or Loss From Business (Sole Proprietor)" submitted to DHS Tony Rasnake ("Rasnake"), Bates had a loss and no reportable income from his 2019 self-employment. Diaz's Rebuttal, Exhibit 10, p. 8 states: "YD in fact truthfully reported Gary's lack of income to Aona on 08/04/2020 and to Investigator Rasnake when she supplied him with hers and Gary's 2019 tax return proving Gary had no reportable income but rather suffered a loss, ignored in the Case Summary. (YD Rebuttal Exhibits M, N, T, U & V)" (FAC, Exhibit 2, Bates 2019 tax return reporting loss of "$-950") The 2013 application ended on March 31, 2019. The Motion does not provide any evidence when Bates's 2019 self-employment started and ended.; 3) False allegations Diaz's husband had recurring

deposits into his bank account monthly and he had an inheritance during the 2013 application, and, thus, no probable cause for Diaz's prosecution for the time frame from April 30, 2013 to March 31, 2019: Bates had a joint bank account with his mother, not Diaz, so there is no evidence Bates made any deposits to this account, that the deposits were income, or that Diaz had any knowledge of deposits in her husband's joint bank account with his mother since Diaz was not on the joint account. (FAC, Exhibit 10, pp. 15 – 17) Diaz's husband's 2019 inheritance deposit was made after the 2013 application ended, so it was not reportable income, as follows: "Werle's Excel Spreadsheet was falsely titled that it showed 'Cash Deposits' because a close examination of the joint credit union account shows check deposits like the ones on 04/16/2019, 'DEPOSIT BY CHECK' for Gary's inheritance (DHS Exhibit 5F, Bates 354), 'DEPOSIT BY CHECK' on 05/05/2020, and 'DEPOSIT BY CHECK' on 05/08/2020 (DHS Exhibit 5F, Bates 411) as well as direct deposits like by 'OPM1 TREAS', on 05/18/2020", which is the federal agency paying federal employees (Gary was not a federal employee), after the first application benefits ended on 03/31/2019." (FAC, Exhibit 10, p. 16); and 4) False allegation Diaz's husband had any income from April 20, 2013 to March 31, 2019, the time frame of the prosecution, and, thus, no probable cause. First Amended Complaint, Exhibit 10, pp. 7 – 8 stated: "Investigator Rasnake corroborated, verified and confirmed what YD truthfully told Aona that Gary had no income from April 2013 to June 2020: 'I am unable to confirm any income for Gary'. (DHS Exhibit 5C, Bates 41) and see also DHS Exhibit 5E, Bates 66-68, 'Gary Inc[ome]. blank Apr – 13 – Jun – 20'; YD Rebuttal Exhibits M and N)." (FAC, ¶ 67)

Therefore, the Motion's argument Nielsen did not have to consider Diaz's Rebuttal (FAC, Exhibit 10), is based solely on speculation "given that a reasonable person would likely know"

each spouse's finances. (Motion, p. 8). The Motion fails to support probable cause for Diaz's prosecution, and, therefore, the Motion should be denied.

Finally, the Motion merely speculated Nielsen weighed "the IR's findings [Case Summary findings, Exhibit A, only] against Plaintiff's 'refuting' information'". (Motion, p. 7). On the contrary, there are no facts to support this conclusion. Therefore, since the First Amended Complaint stating no probable cause for Diaz's prosecution is unrebutted by Defendant Nielsen's Case Summary (Motion, Exhibit A) and unrebutted by any of the documents the Case Summary relied on (FAC, Exhibit 10), Nielsen's Partial Motion to Dismiss should be denied.

**C. <u>Nielsen Acted With Malice.</u>**

Contrary to the Motion, p. 8, the First Amended Complaint alleges Nielsen acted with malice since her criminal case submission to the District Attorney was not supported by probable cause: "Nielsen acted maliciously since Nielsen caused Diaz's prosecution without arguable probable cause. . . ." (FAC, ¶ 107)

*Bledsoe v. Carreno*, 53 F.4th 589, 615 (10th Cir. 2022), affirmed the District Court's denial of the motion to dismiss the malicious prosecution claim, and, with regard to the malice element, held, as the Motion, pp. 8 – 9 recognized: "But 'malice may be inferred if a defendant causes the prosecution without arguable probable cause.' *Stonecipher [v. Valles]*, 759 F.3d [1134] at 1146 [10th Cir. 2014]". Similarly, in the instant case, as in *Bledsoe, id.*, Nielsen knew the findings of the Case Summary, Exhibit A, were false based on Plaintiff's Rebuttal to it and its referenced documents. (FAC, ¶ 107, Exhibits 1 – 5, and 11, pp. 5 – 12). Since as alleged, Diaz was prosecuted without arguable probable cause, Diaz adequately alleged Nielsen acted with the requisite malice. Therefore, Defendant's Partial Motion to Dismiss on this issue should be denied.

**D. <u>Nielsen Is Not Entitled To Qualified Immunity.</u>**

Contrary to the Motion, pp. 9 – 10, Nielsen is not entitled to qualified immunity. In *Lehmann v. Zehner*, 2022 WL 11732949 (D. Colo. October 20, 2022), the Court denied the Motion to Dismiss on the malicious prosecution claim. The Court held: "When a defendant asserts qualified immunity, the plaintiff must show that the defendant: (1) violated a statutory or constitutional right and (2) the right was 'clearly established' at the time of the defendant's challenged conduct. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quotation omitted.) The Court may address either prong first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013) For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision 'on point', or the 'weight of authority from other courts must have found the law to be as the plaintiff maintains.'" Id. at ** 4 – 5.

First, as in *Lehmann, id*. at * 6, Nielsen caused Diaz's prosecution when she disregarded Diaz's Rebuttal to the IR and other documents relied on by the Case Summary, Exhibit A, which amounted to a violation of Diaz's constitutional rights under the Fourth Amendment. As in *Lehmann, id*. at *7, "the notion that these allegations [in the Case Summary] support probable cause", are "undermined" by the Rebuttal to the false Case Summary findings and the nine (9) documents the Case Summary relied on. Werle's Case Summary findings were "undermined" by Nielsen's Fraud Unit's own investigation and documents showing Nielsen was not justified by probable cause to send her criminal case submission to the District Attorney with the intent to prosecute Diaz. Second, the law was clearly established in 2021 when Nielsen sent her criminal case submission to the District Attorney it must have been supported by probable cause to have Diaz issued a Criminal Summons and a Criminal Complaint alleging felony theft, as Nielsen contended in her Motion, p. 8. As in *Lehmann, id*. at *11, the Tenth Circuit's decision in *Babtiste v. J.C. Penny Co.*, 147 F.3d 1252 (10th Cir.1998), demonstrates Nielsen violated clearly established

law when she ignored Diaz's Rebuttal to the Case Summary findings and the documents it referenced, and, instead credited the Case Summary. Diaz "is not required to cite a case with 'identical facts' to demonstrate a clearly established right. *Kapinski [v. City of Albuquerque*], 964 F.3d [900] at 910 (10th Cir. 2020) *Lehmann, id.* at *12. Therefore, Nielsen is not entitled to qualified immunity.

Second, Nielsen is also not entitled to qualified immunity since, contrary to the Motion, p. 10, Diaz established in *Section A. 1. The Non-Custodial Travel Restrictions Imposed On Diaz Amounted To A Seizure*, above, *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2017), was a 10th Circuit decision citing with approval, *Murphy v. Lynn*, 118 F.3d 938, 945 (2nd Cir. 1997), which held "a plaintiff seized when ordered not to leave state" constituted "significant restraint of liberty, such as restrictions on travel." *Id.* at 916. Further, several other 10th Circuit District Courts followed *Becker* in *Stewart,* supra, at ** 19 - 21 citing *Martinez*, supra, **10 – 11) Similarly, in the instant case, contrary to the Motion, p. 10, a criminal court did refuse to allow Diaz to travel "outside the State of Colorado" as well as refused to allow Diaz to travel outside the United States, restrictions on travel amounting to a seizure for purposes of a Fourth Amendment claim for malicious prosecution, a right clearly established at the time of the challenged 2021 conduct. (FAC, Exhibit 12, p. 12) Therefore, Nielsen is not entitled to qualified immunity since "she violated a constitutional right that was clearly established at the time of the challenged conduct." Motion, p. 9.

## III. CONCLUSION

WHEREFORE, Plaintiff, Yaritza Diaz, respectfully requests the Court to enter an order denying Defendant's Partial Motion to Dismiss Count VIII of the First Amended Complaint.

RESPECTFULLY SUBMITTED this 13th day of May 2024.

YARITZA DIAZ

By: */s/ Scott A. Mayer*
Scott A. Mayer
Attorney at Law
5599 S. Hanover Way
Greenwood Village, CO 80111
(847)915-1929
scottm2525@yahoo.com
Attorney for Plaintiff Yaritza Diaz

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the foregoing **Plaintiff's Response to Defendant's Rule 12(b)(6) Partial Motion To Dismiss** with the Clerk of Court using the CM/ECF system which will serve a copy of all CM/ECF participants:

Nathan J. Whitney
First Assistant County Attorney
Dorey L. Spotts
Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
Nathan Whitney@elpasoco.com
DoreySpotts@elpasoco.com
Attorneys for Defendant El Paso County Department of Human Services
and Shawn M. Nielsen

*/s/ Scott A. Mayer*
Scott A. Mayer