**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02230-DDD-MDB

YARITZA DIAZ,

Plaintiff,

v.

EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES,
and SHAWN M. NIELSEN, individually,

Defendant.

---

**DEFENDANT SHAWN M. NIELSEN'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendant, Shawn M. Nielsen, individually, ("Defendant" or "Nielsen"), by and through the Office of the County Attorney of El Paso County, respectfully submits the following Reply in support of Defendant Shawn Nielsen's Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF 38] ("Partial Motion to Dismiss") as follows:

## I. INTRODUCTION

Plaintiff filed a Response to Nielsen's Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF 39] ("Response") alleging the First Amended Complaint adequately establishes all five elements of a malicious prosecution claim, and that Nielsen is not entitled to qualified immunity. Plaintiff's arguments are not persuasive, and the Court must grant Nielsen's Partial Motion to Dismiss for the reasons stated therein and herein.

## II. ARGUMENT

Nielsen agrees that the proper analysis of a Fourth Amendment malicious prosecution requires a plaintiff to establish 1) the defendant caused the plaintiff's continued confinement or

prosecution; 2) the original action terminated in favor of the plaintiff; 3) no probable cause supported the original arrest, continued confinement, or prosecution; 4) the defendant acted with malice; and 5) the plaintiff suffered damages. Plaintiff has, however, failed to plausibly allege elements one, three, and four. The Court must dismiss this claim as a result.

**A. <u>Ms. Diaz Was Not Subject to a Fourth Amendment Seizure</u>**

Where criminal charges were brought but dismissed before trial, a plaintiff is required to allege a qualifying violation of the Fourth Amendment in order to proceed on a theory of § 1983 malicious prosecution. U.S.C.A. Const. amend. IV; 42 U.S.C.A. § 1983. *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007).

Plaintiff cites *Becker* as the "leading 10th Circuit case on restrictions on travel seizure under the Fourth Amendment," (Response, I. p. 1) but misstates the fundamental holding of *Becker* when analyzing Fourth Amendment seizures. Although the *Becker* court acknowledged Justice Ginsberg's concurrence in *Albright*, it noted that *Albright* was a *Fourteenth Amendment substantive due process claim*---not a Fourth Amendment claim. *Albright v. Oliver*, 510 U.S. 266 (1994) (where a plurality of the Supreme Court held that there is no substantive due process right to be free from criminal prosecution absent probable cause) (*emphasis* added). Ginsberg's concurrence analyzed the claim under the Fourth Amendment and urged the *Albright* court to include other non-custodial state action as seizures. The *Becker* court firmly rejected the choice to do so, noting,

> "The Court has been careful to tie all actions under § 1983 to specifically protected constitutional rights in order to avoid creating a free-standing constitutional tort regime under § 1983.To extend liability in cases without a traditional seizure would expand the notion of seizure beyond recognition and fall into the trap carefully avoided by the *Albright* majority—every charging decision would support a § 1983 malicious prosecution-type claim no matter the context.

*Becker v. Kroll*, 494, F.3d 904, 915 (10th Cir. 2007).

Moreover, Plaintiff claims *Becker* “opened the door” to a case-by-case consideration of restrictions on travel and cites to decisions in the Second, Third, and Fourth Circuits, which are unpersuasive in this Circuit. Plaintiff misreads *Becker* and fails to include the many courts that have similarly rejected this argument. *See, e.g., Robinson v. Robinson*, 05-cv-01433-REB-KMT, 2008 WL 205300, at * 1 (D. Colo. 200*) (“The Tenth Circuit has declined to expand the amendment to reach malicious prosecution claims in which the plaintiff was never incarcerated.”); *Montoya v. Romero*, 08-622 ACT/LFG, 2009 WL 10698830, at * 9 (D. N.M. Dec. 18, 2009) (“The law is clearly established to the contrary of [plaintiff’s] claims. ‘Violation of the Fourth Amendment requires an intentional acquisition of physical control.’” (*quoting Becker*, 494 F.3d at 914).

Indeed, in *Becker*, the Tenth Circuit “agree[d] with the court that have also declined to accept Justice Ginsberg’s invitation to expand Fourth Amendment liability in cases where the plaintiff has not been arrested or incarcerated.” *Becker* 494 F.3d at 915-916 (collecting authority that all “***declin[ed] to recognize typical pre-trial release conditions, such as receiving a summons, posting bond, restricting travel, and appearing in court, as a seizure***.”) (emphasis added). That is to say, *Becker* closed the door to the possibility of a Fourth Amendment malicious prosecution claim arising from typical pre-trial release conditions, such as restrictions on travel.

Plaintiff goes on to *Stewart* v. *Cty. of Boulder*, 19-cv-01588-RM-NYW, 2020 WL 6119530 (D. Colo. Mar. 5, 2020) and argue travel restrictions qualify as seizures. *Stewart* is unpersuasive in the face of *Becker*’s clear and express language to the contrary.

Accordingly, Plaintiff has not established a qualifying seizure and therefore cannot establish all elements of a malicious prosecution claim.

**B. <u>Nielsen Had Sufficient Probable Cause</u>**

Probable cause is an objective standard, and thus the subjective belief of an individual officer as to whether there was probable cause is not dispositive. *Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011). Probable cause is also "not a high bar," and the Court is not required to consider information the Plaintiff believes to be exculpatory. *Kaley v. United States*, 571 U.S. 320, 338 (2014). Even seen in a light most favorable to Plaintiff and assuming her facts taken as true, it was reasonable for Nielsen, a certified Welfare Fraud Investigator, to refer the case for criminal prosecution based on recorded interviews, bank statements, and documents submitted by Plaintiff herself. Nielsen surely met the burden of establishing sufficient probable cause, and thus cannot establish all elements of a malicious prosecution claim. Accordingly, Plaintiff has failed to plausibly allege an absence of probable cause.

**C. <u>Because Nielsen Had Probable Cause, She Did Not Act With Malice</u>**

Malicious prosecution claims "require[s] intentional or reckless disregard of the truth." *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010). Conclusory and non-specific allegations that "Defendants acted with malice" are insufficient. *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1124 (D. Colo. Aug. 20, 2014). While Plaintiff may refute the findings of Nielsen's Investigative Report, attached to Defendant's Partial Motion to Dismiss as Exhibit A, and offer her own version of events, Nielsen had sufficient probable cause to refer the matter and therefore could not have acted with malice. *See Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) ("Malice may be inferred if a defendant causes the prosecution without arguable probable cause.") (citation omitted).

Further, Nielsen did not omit, withhold, or fabricate evidence in the Investigation Report. To state a claim for a Fourth Amendment violation, a plaintiff bears the burden of alleging facts

that a Defendant knowingly or recklessly used false information to institute legal process. *Sanchez v. Hartley*, 810 F.3d 750, 758 (10th Cir. 2016). Plaintiff has set for no plausible allegations of Nielsen's misconduct—she simply does not like the Investigation Report's findings and outcome. Because Plaintiff has not shown that Nielsen acted with malice, she cannot establish all elements of a malicious prosecution claim.

**D. <u>Nielsen Is Entitled to Qualified Immunity</u>**

Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021). Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Normally, the right must be clearly established "in light of the specific context of the case, not as a broad general proposition." *Frasier* at 1014. "Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015).

Plaintiff alleges that Nielsen violated clearly established law by filing an Investigation Report that allegedly lacked probable cause. (Response, B. pp. 12-13.) Arguable probable cause is sufficient to avoid liability under § 1983 for Fourth Amendment violations because even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to qualified immunity. *Kapinski v. City of Albuquerque*, 964 F.3d 900, 909-912 (10th Cir. 2020).

As discussed above, Plaintiff has not established any underlying constitutional violations. Nielsen merely forwarded her administrative findings to the District Attorney's office for

consideration of prosecution as part of the typical fraud process. Even if she was mistaken, Nielsen is entitled to qualified immunity.

Further, although Plaintiff is "not required to cite a case with identical facts to demonstrate a clearly established right" (*Kapinsky*, 964 F.3d at 910), she is required to demonstrate a "substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Trotter v. Regents*, 219 F.3d 1179, 1184 (10th Cir. 2000). Plaintiff has failed to support her argument with any case law remotely connecting her actions with prior law indicating those or similar actions were violations of constitutional rights. Her actions were not "plainly incompetent," nor did she knowingly violate any laws. Therefore, Nielsen is entitled to qualified immunity and this claim must be dismissed.

## III. CONCLUSION

WHEREFORE, based upon the foregoing and the arguments presented in Nielsen's Partial Motion to Dismiss [ECF 38], Nielsen respectfully requests that the Court enter an Order dismissing Plaintiff's claim against her with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and that to the extent applicable under Colorado law, Nielsen be awarded her reasonable costs and attorneys' fees, together with any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of June 2024.

OFFICE OF THE COUNTY ATTORNEY
OF EL PASO COUNTY, COLORADO

By: */s/ Dorey L. Spotts*
Dorey L. Spotts, Assistant County Attorney
Nathan J. Whitney, First Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
DoreySpotts@elpasoco.com
NathanWhitney@elpasoco.com
*Attorneys for Defendants Department of Human Services and Shawn M. Nielsen*

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1)**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically filed the foregoing **DEFENDANT SHAWN M. NIELSEN'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants, as follows:

Scott A. Mayer
5599 S. Hanover Way
Greenwood Village, CO 80111
Scottm2525@yahoo.com
*Attorney for Plaintiff Yaritza Diaz*

*/s/ Meleah Williams*
Paralegal