IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–02230–DDD–MDB

YARITZA DIAZ,

    Plaintiff,

v.

EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES,

    Defendant.

## ORDER

This matter is before the Court *sua sponte* on the appointment of *pro bono* counsel for Plaintiff Yaritza Diaz.

### SUMMARY FOR *PRO SE* PLAINTIFF

After carefully considering the circumstances of this case, the Court is ordering the appointment of *pro bono* counsel. However, this Order does not guarantee that an attorney will take the case. Unless and until an attorney accepts the appointment, you must continue to meet all litigation obligations on your own.

### BACKGROUND

Plaintiff initiated this action on August 30, 2023. (Doc. No. 1.) In her Amended Complaint, Plaintiff alleges that she applied for medical benefits related to her pregnancy in 2020, while she was employed by Defendant El Paso County Department of Human Services ("EPC DHS"). (Doc. No. 29 at ¶ 33.) Plaintiff alleges she was falsely accused of misreporting

her household income on the benefits application, and then referred to the County's fraud unit for an investigation. (*Id*. at ¶¶ 41-42.) Plaintiff's employment was terminated soon thereafter. (*Id*. at ¶¶ 50-52.) Defendant Shawn M. Nielsen, the welfare fraud investigator on the matter, also filed a felony theft complaint against Plaintiff. (*Id*. at ¶¶ 95.) Based on these facts, Plaintiff brought ten claims for relief against Defendants EPC DHS and Nielsen. (*See generally id*.)

On April 22, 2024, Defendant Nielsen filed a partial Motion to Dismiss the Fourth Amendment malicious prosecution claim asserted against her. (Doc. No. 38.) The presiding judge granted the Motion on February 24, 2025, and Defendant Nielsen was dismissed from the case. (*See* Doc. No. 49.) At this stage, eight claims remain against Defendant EPC DHS: (i) seven claims related to failure to accommodate, termination/constructive discharge, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., ("Title VII"), as amended in 1978 by the Pregnancy Discrimination Act ("PDA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., as amended ("ADAAA"); and (ii) one claim for pregnancy discrimination in violation of Colorado's Pregnant Workers Fairness Act ("PWFA"), C.R.S. § 24-34-402.3. (*See* Doc. No. 29 at ¶¶ 110-128; 141-146.)

**ANALYSIS**

In a civil case, the determination as to whether to appoint counsel is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). A court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Here, Plaintiff was previously represented by Scott Alan Mayer. (Doc. No. 12.) The matter was stayed on November 14, 2024, after the parties represented that

Plaintiff's counsel was suffering from serious health issues. (*See* Docs. No. 43; 47; 48.) Then, on April 30, 2025, the parties advised the Court that Plaintiff's counsel passed away. (Doc. No. 50.)

On July 8, 2025, the Court held a conference to determine whether Plaintiff had secured new counsel. (*See* Doc. No. 52.) She has not. Plaintiff stated she has been diligent, but unsuccessful. She made additional comments that seemed to indicate attorneys may be deterred from representing her at this stage because discovery is now closed and the matter will soon proceed to its final stages. During the conference, the Court also inquired as to the status of discovery. Defense counsel reported that no depositions have occurred. The Court surmises that only limited discovery occurred while Plaintiff's former counsel suffered through health issues.

The Court is concerned about the prejudice to Plaintiff and her case if she continues unrepresented. For months, she relied on her attorney to move the matter forward, only to learn the case would need to be stayed due to counsel's health issues. And given the health issues Mr. Mayer suffered through, it is possible he was able to do very little on this case at all during his last few months of life. Moreover, while it is difficult to assess the merits of the matter under these circumstances, it appears at least one attorney saw merit in Plaintiff's claims—sufficient to agree to the representation.

For these reasons, and pursuant to D.C.COLO.LAttyR 15 and applicable law, the Court finds appointment of counsel would serve the interests of justice and is warranted under the circumstances. *See* D.C.COLO.LAttyR 15(f)(1)(B); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness"). As indicated on the record during the July 8, 2025 status conference, the Court would also be willing to entertain a motion to reopen discovery

on a limited basis under the circumstances. (Doc. No. 52 at 1.) Additionally, the Court has offered to conduct a settlement conference in this matter, and the parties are currently exploring whether there is any possibility of resolution. Accordingly, it is **ORDERED** that the Clerk shall select, notify, and appoint counsel to represent Plaintiff in this civil matter. Plaintiff is advised that the Clerk will select counsel from the Panel; however, **there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel program. The Court cautions Plaintiff that she continues to be responsible for meeting all litigation obligations, including attending all scheduled matters, pursuing and responding to discovery, complying with all court orders, and engaging as necessary with respect to all motions, pretrial proceedings, and trial.**

Dated this 10th day of July, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge